

U.S. Department of Justice

**Rachael S. Rollins**
*United States Attorney*
*District of Massachusetts*

*Main Reception: (617) 748-3100*

*John Joseph Moakley United States Courthouse*
*1 Courthouse Way*
*Suite 9200*
*Boston, Massachusetts 02210*

January 16, 2023

Maria R. Hamilton
Clerk of Court
U.S. Court of Appeals for the First Circuit
John Joseph Moakley United States Courthouse
1 Courthouse Way, Suite 2500
Boston, Massachusetts 02210

    Re: *United States v. William McGlashan, Jr.*, Case No. 21-1421
       Fed. R. App. P. 28(j) Notice

Dear Ms. Hamilton:

  In a recent Rule 28(j) letter, defendant alerted the Court to the Second Circuit's decision on remand in *United States v. Blaszcak*, 2022 WL 17926047 (Dec. 27, 2022), arguing that the decision undermines the government's position that ACT score reports are property. It does not.

  In *Blaszcak*, the Second Circuit accepted the government's confession of error in light of *Kelly v. United States*, 590 U.S. ——, 140 S. Ct. 1565 (2020), and concluded that nonpublic information about the timing and substance of Centers for Medicare & Medicaid Services ("CMS") rule changes does not constitute property. *Blaszczak*, 2022 WL 17926047, at *10-12. *Kelly* held that a government agency's "exercise of regulatory power … fails to meet the [federal fraud] statutes' property requirement." 140 S. Ct. at 1568-69. The Second Circuit determined that "[n]o greater property interest was involved in the CMS information at issue" in *Blaszczak*. 2022 WL 17926047, at *11.

  In suggesting that *Blaszczak* should inform the Court's decision here, defendant ignores not only the government's concession in that case but also the Second Circuit's reason for accepting it. As the Second Circuit emphasized, "CMS it not a commercial entity; it does not sell, or offer for sale, a service or product." *Id.* (contrasting *Carpenter v. United States*, 484 U.S. 19, 26 (1987)).

  The distinction is plain. Unlike CMS, ACT, Inc. *is* a commercial entity, and it *does* sell a

product: the ACT score reports that are its stock in trade. [Gov. Br. 9, 13-14, 21-22].[1]

                                      Respectfully submitted,

                                      /s/ *Alexia R. De Vincentis*
                                    ALEXIA R. DE VINCENTIS
                                    Assistant U.S. Attorney

cc:    Carter G. Phillips, Esq.

---

[1] Other than the fact that it happens to quote a passage from *Carpenter* on which defendant relies, *Blaszczak* has nothing to do with defendant's contention that ACT, Inc. was not defrauded of property because it does not sell "specific" test scores, [Def. Ltr. 2 (citing Reply 12-13)]—an argument that in any event he raised for the first time in his reply. *See, e.g.*, *United States v. Ortiz-Pérez*, 30 F.4th 107, 111 (1st Cir. 2022) (arguments raised for first time in reply brief are waived).